## In Re the Narrangansett Election.

The Constitution of the State of Rhode Island, article 8, § 5, provides that, in case of no
choice of senator and representatives at a town elective meeting, " the polls may be re-
opened, and the like proceedings shall be had until an election shall take place: *Provided*,
however, that an adjournment or adjournments of the election may be made to a time not
exceeding seven days from the first meeting."

This provision is applicable to elective meetings in towns where the electors meet in one
town meeting. It is not applicable to elective meetings in towns divided into voting dis-
tricts. This provision, if construed with regard to the legislative practice under it, must
also be held inapplicable to towns divided into voting districts.

Hence, under article 2, § 6, of the constitution, which gives to the General Assembly power
to prescribe the manner of conducting elections, the General Assembly may, as it has often
done, divide a town into voting districts and provide for an adjournment, for a longer time
than seven days, of elective meetings in towns so divided.

Hence, Pub. Stat. R. I. cap. 710, § 18, of March 22, 1888, providing for an adjournment for
not more than ten days of elective meetings in the District of Narragansett, in the town of
South Kingstown, is not unconstitutional.

THE Constitution of the State of Rhode Island provides in
article 8, §§ 5, 6, as follows:

" SECT. 5.   The ballots for senators and representatives in the
several towns shall, in each case after the polls are declared to
be closed, be counted by the moderator, who shall announce the
result, and the clerk shall give certificates to the persons elected.
If, in any case, there be no election, the polls may be reopened,
and the like proceedings shall be had until an election shall take
place : *Provided*, however, that an adjournment or adjournments
of the election may be made to a time not exceeding seven days
from the first meeting.

" SECT. 6.   In the city of Providence, the polls for senator and
representatives shall be kept open during the whole time of voting
for the day, and the votes in the several wards shall be sealed up
at the close of the meeting by the wardens and ward clerks in
open ward meeting, and afterwards delivered to the city clerk.
The mayor and aldermen shall proceed to count said votes within
two days from the day of election ; and if no election of sena-
tor and representatives, or if an election of only a portion of the
representatives, shall have taken place, the mayor and aldermen
shall order a new election, to be held not more than ten days from
the day of the first election, and so on until the election shall be

completed.   Certificates of election shall be furnished by the city clerk to the persons chosen."

Pub. Laws R. I. cap. 710, of March 22, 1888,[1] incorporated the District of Narragansett in the town of South Kingstown, and provided in § 18:

" SECT. 18.   If no election shall have been made of senator and representative in the General Assembly, or of either of them, upon the day appointed by law for any election, the said town council (of South Kingstown) shall order a new election to be held not more than ten days from the first election, and so on until the election be completed."

The Senate of the State of Rhode Island, acting under article 10, section 3 of the constitution, adopted the following resolution June 1, 1888:

" Whereas, the statutes of this State provide in several instances for the division of towns into voting districts, and for the counting of ballots and announcing results, and for the ordering of new elections; and,

" Whereas, section 18 of chapter 710 of the Public Laws is especially called in question by reason of its alleged conflict with section 5, article 8, of the state constitution; and,

" Whereas, the constitution provides that either house of the General Assembly may request the opinion of the judges of the Supreme Court upon any question of law:  it is therefore hereby

" *Resolved*, That the said judges of the Supreme Court be and hereby are requested to give their opinion to the Senate upon the following question:

" If no election shall have been made of senator and representatives in the General Assembly, or either of them, upon the day appointed by law for the election of senator and representatives, may the town council of the town of South Kingstown, under section 18, chapter 710, order a new election to be held not more than ten days from the first election, and so on until the election shall be completed?"

---

[1] The entire chapter is printed *ante*, p. 424 *sq.*

OPINION OF THE COURT.

*January* 16, 1889.

*To the Honorable the Senate of the State of Rhode Island and Providence Plantations :*

In response to the resolution of your honorable body requesting our opinion upon the constitutionality of Pub. Laws R. I. cap. 710, § 18, we have the honor to submit the following reply :

In regard to the annual town meetings for the choice of senators and representatives, article 8, § 5 of the constitution provides that when there is no election the polls may be reopened until an election shall take place, or there may be an adjournment of the election to a time not exceeding seven days from the first meeting.

It is evident that this contemplates and provides for elections only in towns where the electors are or may be gathered in one meeting for common action. At the time of the adoption of the constitution all town meetings were thus constituted, and no town was divided into voting districts. For the city of Providence, where the votes were cast in separate ward meetings, a special provision was made, authorizing a new election to be called not exceeding ten days from the first meeting, and so on until the election should be completed.

It is also evident that the provisions of section 5 are wholly unsuited to towns divided into voting districts, if not practically impossible of application to them. In such towns it cannot be known whether there is an election or not until all the votes from all the districts have been counted and the results compared. In the mean time one or more district meetings might adjourn or be abandoned, or, if all awaited the result, one might vote to reopen the polls and proceed with the election ; another might vote to adjourn to a day certain, and still another might vote to adjourn *sine die.* The provision is adapted only to the common town meeting.

After the adoption of the constitution it was found necessary to divide towns into voting districts. In May, 1843, at the first session of the Assembly after the constitution went into opera-

tion, a petition was introduced to divide the town of Smithfield into voting districts, which was continued from session to session, and in January, 1845, an act was passed with substantially the same provision in case of nonelection as had been made for the city of Providence in the constitution, and substantially the same as that contained in Pub. Laws R. I. cap. 710, § 18, which is the subject of your inquiry. This was followed in 1848 by an act for a charter for the city of Newport, which authorized the Board of Aldermen to order a new election until the whole representation should be chosen. In 1853 another similar act was passed with the same provision. In May, 1856, the towns of Cumberland and Cranston were divided into voting districts, but no mention was made in these acts of a failure to elect a senator or a representative. In the Revised Statutes of 1857, cap. 26, § 20, the same provision as that for the city of Providence was embodied in a general law applicable to cities and towns divided into voting districts.

Since then, other towns have been divided into voting districts, and in the revision of 1872, Gen. Stat. R. I. cap. 9, §§ 18, 21, it was provided that the meetings in such towns should stand adjourned to the third day, unless it was Sunday or a holiday, with like adjournments therefrom not to exceed seven days from the first meeting. If there was no election, the president of the town council was to issue his warrant for the election to proceed on the day to which it had been adjourned. Substantially the same provision is continued in Pub. Stat. R. I. cap. 10, §§ 18, 22.

This unbroken course of legislation beginning within two years after the adoption of the constitution, in an assembly composed largely of members of the convention which framed it, shows plainly that acts of this character have been considered to have the warrant of constitutional authority. The act of 1845 is almost equivalent to a contemporaneous interpretation of the constitution to this effect by its framers. In looking for this authority, we think it must be found in article 2, § 6, which gives the General Assembly full power to " prescribe the manner of conducting elections."

The collecting of votes in convenient and separate places in a town, and the course of proceeding in cases of failure to elect,

must have been considered to be included within the phrase " manner of conducting elections," and so a sufficient authority for the method adopted in districted towns.   While as a rule of construction, when there are two provisions relating to the same subject, general provisions yield to those which are special and particular, yet this rule applies only when the two are so inconsistent that they cannot stand together.

If article 8, § 5, be construed to apply to all towns in all cases, then the acts which have been passed in regard to voting districts, and, indeed, so far as we can see, acts for voting in cities other than Providence, have been unconstitutional.   We cannot think that the constitution has been so long and generally misunderstood.   If, on the other hand, it be construed to apply to common town meetings, for which it was evidently designed, with power in the General Assembly to provide some other " manner of conducting elections " when the town meeting has grown so unwieldy and inconvenient as to require a division, there is no inconsistency between this section and the course which has been followed under the general authority to which we have referred. In this view, section 5 applies to those towns to which it is adapted, while cities and towns divided into voting districts necessarily call for some other manner of conducting the election when the first attempt fails.   We think this is a reasonable construction of the constitution, in view of the long and unbroken course of legislation which supports it.   " In a matter of this kind a uniform practical and especially a legislative construction is entitled to great authority."   *In re the Realty Voters,* 14 R. I. 645, 648. See, also, *Union Company* v. *Sprague,* 14 R. I. 452.

The authority of the town council of the town of South Kingstown to act under Pub. Laws R. I. cap. 710, § 18, depends upon the question of the conflict of the law with the provisions of the constitution, as indicated in the preamble to the resolution of your Honors.   We have therefore undertaken to consider and answer the main question involved in the inquiry.   Upon this question our conclusion is, that the section is not in conflict with the provisions of the constitution, and that the town council of South Kingstown had authority under it to order a new election to be

held in the manner and in the circumstances set forth in the resolution.

CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST,
GEORGE A. WILBUR.

NOTE.— The above opinion was requested and given pending the decision of a disputed election in the District of Narragansett, and was, when received by the Senate, referred to the Committee on Elections.